UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL COLANTUONO,

Plaintiff,

- against -

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant.

**ORDER**

21 Civ. 9288 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

Plaintiff Paul Colantuono brought this action to review a decision of the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). (Cmplt. (Dkt. No. 1) ¶ 1) On July 19, 2023, Plaintiff moved for an award of attorney's fees, pursuant to 42 U.S.C § 406(b)(1). (Pltf. Mot. (Dkt. No. 20); Bowes Decl. (Dkt. No. 21) ¶ 29) On November 16, 2023, Magistrate Judge Sarah L. Cave issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion for an award of attorney's fees be granted in part and denied in part. (R&R (Dkt. No. 25) at 13)[1] For the reasons stated below, Judge Cave's R&R will be adopted in its entirety, and Plaintiff will be awarded $42,163.95 in attorney's fees.

## BACKGROUND[2]

Plaintiff applied for Social Security Disability and Supplemental Security Income disability benefits on May 7, 2015, alleging a disability that commenced as of April 1, 2010.

---

[1] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

[2] The parties have not objected to Judge Cave's factual statement. Accordingly, this Court adopts it in full. See Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC) (SN), 2017 WL

(Cmplt. (Dkt. No. 1) ¶ 7; Bowes Decl. (Dkt. No. 21) ¶ 4) The Social Security Administration ("SSA") denied his claims, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). (Cmplt. (Dkt. No. 1) ¶ 5; Bowes Decl. (Dkt. No. 21) ¶ 5) On October 27, 2017, the ALJ denied Plaintiff's claims. (R&R (Dkt. No. 25) at 2) Plaintiff appealed this decision, and the Appeals Council denied review on June 13, 2018. (Cmplt. (Dkt. No. 1) ¶ 8; Bowes Decl. (Dkt. No. 21) ¶ 8)

Plaintiff then retained Attorney Christopher James Bowes and filed a complaint in this District challenging this final administrative decision. (Cmplt. (Dkt. No. 1) ¶ 9; Bowes Decl. (Dkt. No. 21) ¶ 9); see also Colantuono v. Comm'r of Soc. Sec., No. 18 Civ. 7282 (VSB) (RWL) (S.D.N.Y.). Magistrate Judge Robert W. Lehrburger issued an August 5, 2019 Report and Recommendation in which he recommended vacating the final administrative decision and remanding the case for additional proceedings. (R&R (Dkt. No. 25) at 2) On November 1, 2019, District Judge Vernon S. Broderick adopted that R&R and remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C § 405(g). (Id.)

On January 31, 2020, Plaintiff moved for an award of attorney's fees in the amount of $6,833.55 – reflecting 32.8 hours of attorney time – pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (Id. at 2-3) Judge Lehrburger ordered that Plaintiff's supporting memorandum of law "be filed by March 31, 2020, or 14 days from when the parties have reached a complete impasse, whichever is earlier[,]" and that the Commissioner's brief "be filed within 30 days after Plaintiff's brief is filed." (Id. at 3 (alteration

4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the [c]ourt adopts [the factual statement] in full.").

in original) (internal citation omitted)) Neither Plaintiff nor the Commissioner filed a brief regarding the EAJA motion, however. (Id.)

Following remand, on June 26, 2021, Plaintiff appeared before an ALJ for a hearing. (Id.) In an August 2, 2021 decision, the ALJ again found Plaintiff not disabled and denied his application for benefits. (Id.) Plaintiff then brought the instant action seeking judicial review of that 2021 decision. (Id.; see also Cmplt. (Dkt. No. 1))

On May 5, 2022 – after the administrative record was filed but before Plaintiff had filed a motion for judgment on the pleadings – the parties filed a stipulation in which they agreed that the Commissioner's decision denying Plaintiff's application for Social Security benefits should be reversed, and that this action should be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings. (Dkt. No. 11) On May 6, 2022, this Court so-ordered that stipulation (Dkt. No. 12), and judgment was entered. (Jgmt. (Dkt. No. 14))

In a September 21, 2022 stipulation, the parties agree that Plaintiff is entitled to an award of attorney's fees in the amount of $2,000.00, pursuant to the EAJA. (Dkt. No. 18 at 1) The stipulation provides that "[t]he attorney fees may be paid to Plaintiff's counsel . . . provided that Plaintiff owes no debt to the Federal Government that is subject to offset under the U.S. Treasury Offset Program." (Id.) On September 26, 2022, this Court so-ordered the stipulation. (Dkt. No. 19) "The United States Treasury subsequently applied the [$2,000] EAJA Award to offset Plaintiff's outstanding New York State tax obligation, [however,] meaning that Plaintiff, and thus Bowes, did not receive those funds." (R&R (Dkt. No. 25) at 4; see also Bowes Decl. (Dkt. No. 21) ¶ 29; id. at 21)

In a July 5, 2023 Notice of Award, the SSA informed Plaintiff that he is entitled to past due benefits, and that the SSA has withheld $48,997.50 from Plaintiff's past due benefits "to pay [Plaintiff's] representative." (Bowes Decl. (Dkt. No. 21) at 23-25)

On July 19, 2023, Plaintiff moved for an award of attorney's fees, pursuant to 42 U.S.C § 406(b)(1), seeking $48,997.50, which reflects 43.4 hours of work performed by Bowes in the 2019 action and 2021 action. (Pltf. Mot. (Dkt. No. 20); Bowes Decl. (Dkt. No. 21) ¶ 29)

In a July 31, 2023 letter, the Commissioner states that (1) the instant motion "appears timely filed"; (2) any attorney's fees awarded under Section 406(b) should be reduced by $6,833.55, reflecting the amount of the EAJA fees Plaintiff could have received had he filed a brief in support of the EAJA Motion in the 2019 action; (3) the Commissioner "is aware of no evidence of fraud or overreaching here"; and (4) the Commissioner defers to the Court to determine whether the requested attorney's fee award is reasonable. (R&R (Dkt. No. 25) at 4-5 (quoting Comm'r Ltr. (Dkt. No. 23) at 2-4))

In a November 16, 2023 R&R, Magistrate Judge Cave recommends that Plaintiff's motion for an award of attorney's fees be granted in part and denied in part. (Id. at 13) Judge Cave concludes that Plaintiff should be awarded $42,163.95 in attorney's fees (i.e., "[t]he Requested Fees ($48,997.50) less the fees requested but not perfected in [the 2019 action's] EAJA Motion ($6,833.55)"). (Id. at 13 & n.4); see also Gallo v. Astrue, No. 10 Civ. 1918 (JG), 2011 WL 5409619, at *3 (E.D.N.Y. Nov. 8, 2011) (reducing Section 406(b) fee award by amount of EAJA fees counsel could have – but failed to – request); Iliceto v. Sec. of Dep't of Health & Hum. Serv. of the U.S., No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990) (because "filing for EAJA fees saves the plaintiff money[,] [i]f the attorney could

have received the EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error").

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) . . . .
>
> **FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

(R&R (Dkt No. 25) at 14 (emphasis in original))

No party has filed objections to Judge Cave's R&R.

## ANALYSIS

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Cave's R&R. (See R&R (Dkt. No.

25) at 14) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Judge Cave's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

This Court has reviewed Judge Cave's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Cave's R&R (Dkt. No. 25) is adopted in its entirety, and Plaintiff's motion for attorney's fees is granted in part and denied in part. Plaintiff is awarded $42,163.95 in attorney's fees.

The Clerk of Court is directed to terminate the motion (Dkt. No. 20) and to close this case.

Dated: New York, New York
November 6, 2026

SO ORDERED.

Paul G. Gardephe
United States District Judge